AMERICAN BUYERS CLUB OF MT. VERNON, ILLINOIS, INC., Plaintiff-Appellant, *v.* LARRY SHAFFER *et al.*, Defendants-Appellees.

Fifth District   No. 76-196

Opinion filed March 10, 1977.

G. MORAN, J., specially concurring.

William E. Aulgur, of Eldorado, for appellant.

Terry Sharp, of Clark and Sharp, of Mt. Vernon, and Shirley D. Rivers, law student, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

The American Buyers Club of Mt. Vernon, Illinois, Inc., brought suit against Larry Shaffer and Carolyn Shaffer to recover $621.93, the largest portion of which $456, represented the principal balance on a promissory note, the remainder being late charges and attorney's fees. The court, sitting without a jury, found for the defendants and the plaintiff appeals.

The promissory note executed by the Shaffers was payment for a "lifetime membership" in the plaintiff's club. An "initiation fee" of $39.50 was also paid. The consideration provided by the club was the promise that members would be able to purchase appliances, carpet and furniture at reduced prices through the club as a result of bulk buying by the club due to its large membership. The agent of the club contacted the defendants at their home and an application form, contract and the promissory note was signed there on Friday, October 25, 1974.

The contract provided, as required by the Consumer Fraud and Deceptive Business Practices Act, (Ill. Rev. Stat., ch. 121½, par. 262B) for a period of three full business days during which the buyer might notify the seller of his intention to cancel the contract. In this instance the cancellation period expired, as indicated on the contract, on Tuesday, October 29, 1974. The contract also required that the notice of cancellation be given in writing.

Mr. Shaffer testified that the day following the signing of the contract, Saturday, he went shopping in Mt. Vernon for wall paneling at the place recommended by the plaintiff as one where its memberships were honored and lower prices could be obtained. He found that he could get cheaper prices at another store in Mt. Vernon. On the following Tuesday, the defendant testified, he called the American Buyers Club at their Mt. Vernon office and told them he "wanted out."

The plaintiff argues that this attempted cancellation was ineffective as the requirements for cancellation were governed by the provisions in the contract which called for a written notice. The defendants reply that the

situation is governed by the Consumer Fraud and Deceptive Business Practices Act and that their oral cancellation notice complied with the statute and was effective.

■■ The trial court found that the Consumer Fraud and Deceptive Business Practices Act was applicable to the instant transaction and we agree. The Act reads in pertinent part:

> "Where merchandise having a cash sales price of $25 or more is sold or contracted to be sold * * * to a consumer as a result of or in connection with a salesman's direct contact with or call on the consumer at his residence without the consumer's soliciting the contact or call, that consumer may avoid the contract or sale by notifying the seller within 3 full business days following that day on which the contract was signed or the sale was made * * *. At the time the sale is made or the contract signed, the salesman shall furnish the buyer with a written receipt or contract containing a 'Notice of Cancellation' informing the buyer that he may cancel the sale at any time within such 3 days. Such written 'Notice of Cancellation' may be sent by the buyer to the seller to cancel the contract. The 3 day period provided for in this Section does not commence until the Notice of Cancellation and the consumer is furnished the address or phone number at which such notice to the seller can be given." (Ill. Rev. Stat., ch. 121½, par. 262B.)

The word "merchandise" is defined in the Act as "any objects, wares, goods, commodities, intangibles, real estate situated outside the State of Illinois, or services." (Ill. Rev. Stat., ch. 121½, par. 261.) A service was offered and contracted for in the instant cause and the statute is applicable.

The question now becomes whether the provision in the form contract drawn up by the American Buyers Club which required that notice of cancellation be in writing should control. The defendants present several arguments in support of their contention that it should not. They take the position that by failing to include a definition of "notify" or "notice" in that section of the statute defining words which carry a particular import within the Act the legislature intended to direct an interpretation of those words as they are commonly used in legal matters. They urge us to adopt the definition of "notice" given in the Illinois Uniform Commercial Code; "A person 'notifies' or 'gives' a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it." (Ill. Rev. Stat., ch. 26, par. 1—201(26).) They further point out that the written "Notice of Cancellation" which the seller is required to furnish the buyer, in the words of the Act, "may" be sent as notice of cancellation but its use is not mandated. The defendants next argue that since the statute requires

that the seller furnish the address or phone number at which notice of cancellation may be given that the Act contemplates notice by either method, not exclusively by mail.

■■ We do not find these arguments, standing alone, convincing. However, there is one overriding consideration which convinces us that the statute does not contemplate that the method of giving notice of cancellation should be controlled by contract between the parties. The Consumer Fraud and Deceptive Business Practices Act is consumer legislation. It was enacted, as the title indicates, "to protect consumers * * * against * * * unfair * * * acts or practices in the conduct of any trade or commerce." To allow the method of giving notice of cancellation to be regulated by the sales contract between the parties would be to take away from the consumer the protection which the statute intended to afford him. Sellers could, under such an interpretation of the Act, include provisions for notice of cancellation which would eviscerate the cancellation privilege which the statute gives him. As we read the statute, in view of the purpose it was intended to serve, the method by which a buyer is to give notice of cancellation to the seller is any method reasonably calculated to inform the seller in the ordinary course of business. Such a method was used in the instant case.

This decision, based on considerations of overriding public policy as expressed by the legislature in the enactment of a statute, accords with the reasoning utilized by the court in *Household Finance Corp. v. Mowdy*, 13 Ill. App. 3d 822, 300 N.E.2d 863.

The judgment of the circuit court is affirmed.

Affirmed.

CARTER, P. J., concurs.


Mr. JUSTICE GEORGE J. MORAN, specially concurring:

In concur with the majority in this case for the reasons stated and for those noted in my specially concurring opinion in *American Buyers Club v. Honecker*, 46 Ill. App. 3d 252.